# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| | CASE NUMBER: 3:12-cr-176(S1)-J-20MCR |
| V. | USM NUMBER: 58484-018 |
| RICHIE CABIGTING | Defendant's Attorney: Daniel Smith (ret.) |

THE DEFENDANT:

_X_ pleaded guilty to count(s) One of the Superseding Indictment.
__ pleaded nolo contendere to count(s) which was accepted by the court.
__ was found guilty on count(s) after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| TITLE & SECTION | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 18 U.S.C. §§ 1341 and 1349 | Conspiracy to Commit Mail Fraud | June 2011 | One |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984, as modified by United States v. Booker, and 18 U.S.C. §§ 3551 and 3553.

__ The defendant has been found not guilty on count(s)
_X_ Count(s) Two through Twenty-Five of the Superseding Indictment are dismissed on the motion of the United States and pursuant to the Plea Agreement.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in economic circumstances.

Date of Imposition of Sentence: February 19, 2014

HARVEY E. SCHLESINGER
UNITED STATES DISTRICT JUDGE
DATE: February _19_, 2014

AO 245B (Rev. 09/11) Sheet 2 - Imprisonment
_____

| | | |
|---|---|---|
| Defendant: | RICHIE CABIGTING | Judgment - Page 2 of 7 |
| Case No.: | 3:12-cr-176(S1)-J-20MCR | |

## IMPRISONMENT

      The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **EIGHTEEN (18) MONTHS**.

_X_ The court makes the following recommendations to the Bureau of Prisons:

    **FCI Coleman**

___ The defendant is remanded to the custody of the United States Marshal.
___ The defendant shall surrender to the United States Marshal for this district.

    ___ at ___ a.m./p.m. on ___.
    ___ as notified by the United States Marshal.

_X_ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.

    _X_ no later than 5:00 p.m. on __Monday, March 31, 2014__.
    ___ as notified by the United States Marshal.
    ___ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____
_____
_____

    Defendant delivered on _____ to _____
___ at _____, with a certified copy of this judgment.

                                                                    United States Marshal

                                      By:_____
                                                    Deputy Marshal

Defendant: RICHIE CABIGTING  Judgment - Page 3 of 7
Case No.: 3:12-cr-176(S1)-J-20MCR

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **THREE (3) YEARS**.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable).

**X** The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

**X** The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or a restitution it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

| | | |
|---|---|---|
| Defendant: | RICHIE CABIGTING | Judgment - Page 4 of 7 |
| Case No.: | 3:12-cr-176(S1)-J-20MCR | |

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of supervised release:

\_ The defendant shall participate in the Home Detention program for a period of \_\_. During this time, defendant will remain at defendant's place of residence except for employment and other activities approved in advance by the defendant's Probation Officer. Defendant will be subject to the standard conditions of Home Detention adopted for use in the Middle District of Florida, which may include the requirement to wear an electronic monitoring device and to follow electronic monitoring procedures specified by the Probation Officer. Further, the defendant shall be required to contribute to the costs of services for such monitoring not to exceed an amount determined reasonable by the Probation Officer based on ability to pay (or availability of third party payment) and in conformance with the Probation Office's Sliding Scale for Electronic Monitoring Services.

\_ The defendant shall participate, as directed by the Probation Officer, in a program (outpatient and/or inpatient) for treatment of narcotic addiction or drug or alcohol dependency. This program may include testing for the detection of substance use or abuse. Further, the defendant shall be required to contribute to the costs of services for such treatment not to exceed an amount determined reasonable by the Probation Officer's Sliding Scale for Substance Abuse Treatment Services. During and upon completion of this program, the defendant is directed to submit to random drug testing.

\_ The defendant shall participate as directed in a program of mental health treatment approved by the Probation Officer. Further, the defendant shall be required to contribute to the costs of services for such treatment not to exceed an amount determined reasonable to by Probation Officer based on ability to pay or availability of third party payment and in conformance with the Probation Office's Sliding Scale for Mental Health Treatment Services.

X  The defendant shall provide the probation officer access to any requested financial information.

X  The defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, acquisitions or obligating himself/herself for any major purchases without approval of the probation officer.

\_ If deported by the Bureau of Immigration and Customs Enforcement (BICE), the Defendant shall not re-enter the United States unless allowed to do so legally.

\_ Defendant shall perform \_\_ hours of community service.

\_ The defendant shall register with the state sexual offender registration agency(s) in any state where he resides, visits, is employed, carries on a vacation, or is a student, as directed by the probation officer.

\_ The defendant shall have no direct contact with minors (under the age of 18) without the written approval of the probation officer and shall refrain from entering into any area where children frequently congregate including: schools, day-care centers, theme parks, playgrounds, etc.

\_ The defendant is prohibited from possessing, subscribing to, or viewing any video, magazines, or literature depicting children in the nude and/or in sexually explicit positions.

\_ The defendant shall submit to a search of his person, residence, place of business, any storage units under his control, or vehicle conducted by the United States Probation Officer at a reasonable time and in a reasonable manner.

| | | |
|---|---|---|
| Defendant: | RICHIE CABIGTING | Judgment - Page 5 of 7 |
| Case No.: | 3:12-cr-176(S1)-J-20MCR | |

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Total Restitution |
|---|---|---|---|
| Totals: | $100.00 | WAIVED | $111,953.29 |

\_\_  The determination of restitution is deferred until \_\_\_\_. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

\_\_  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| Clerk, U.S. District Court, for distribution to the victims, outlined in the presentence investigation report, to be paid jointly and severally with Haidar Kazim, Todd Jackson, and Kassem Kazim. | $111,953.29 | $111,953.29 | |
| Totals: | $111,953.29 | $111,953.29 | |

\_\_  Restitution amount ordered pursuant to plea agreement  $ _____.

\_\_  The defendant shall pay interest on any fine or restitution of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

_X_  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  _X_  the interest requirement is waived for the \_\_\_ fine  _X_ restitution.

  \_\_  the interest requirement for the \_\_\_ fine \_\_\_ restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for the offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 09/11) Sheet 6 - Schedule of Payments

| | |
|---|---|
| Defendant: RICHIE CABIGTING | Judgment - Page 6 of 7 |
| Case No.: 3:12-cr-176(S1)-J-20MCR | |

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A. __X__ Lump sum payment of $ __100.00__ due immediately, balance due

       ___ not later than _____, or

       ___ in accordance ___ C, ___ D, ___ E or ___ F below; or

B. ___ Payment to begin immediately (may be combined with ___ C, ___ D, or ___ F below); or

C. ___ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ days (e.g., 30 or 60 days) after the date of this judgment; or

D. ___ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____, (e.g., months or years) to commence _____ (e.g. 30 or 60 days) after release from imprisonment to a term of supervision; or

E. ___ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time, or

F. __X__ Special instructions regarding the payment of criminal monetary penalties:

Defendant is ordered to pay restitution in the amount of $111,953.29, payable to the Clerk, U.S. District Court, for distribution to the victims outlined in the presentence investigation report and as listed below. Restitution shall be paid jointly and severally with Haidar Kazim, Todd Jackson, and Kassem Kazim. While in Bureau of Prisons custody, defendant shall either (1) pay at least $25 quarterly if he has a non-Unicor job or (2) pay at least 50% of monthly earnings if he has a Unicor job. Upon release from custody, defendant's financial circumstances will be evaluated, and the Court may establish a new payment schedule accordingly. At any time during the course of post-release supervision, the victim, the government, or the defendant, may notify the Court of a material change in the defendant's ability to pay and the Court may adjust the payment schedule accordingly. The Court finds that the defendant does not have the ability to pay interest and the Court waives the interest requirement for restitution.

| Victim Name | Amount of Loss |
|---|---|
| Amica Mutual Insurance Company<br>11486 Corporate Boulevard<br>Orlando, FL 32817 | $3,866.82 |
| GEICO Insurance<br>PO Box 8520<br>Fleming Island, FL  32006 | $34,153.26 |
| Infiniti Auto Insurance<br>3700 Colonnade Parkway<br>Birmingham, AL 35243 | $1,491.76 |
| Peak Property & Casualty Insurance Corporation<br>6999-02 Merrill Road #119<br>Jacksonville, Florida 32227 | $7,259.48 |

Defendant:  RICHIE CABIGTING  
Case No.:   3:12-cr-176(S1)-J-20MCR  

Judgment - Page 7 of 7

| Victim Name | Amount of Loss |
|---|---|
| Progressive Insurance Company<br>4030 Crescent Park Drive<br>Riverview, FL 33578 | $9,805.72 |
| MAPFRE Commerce Insurance | $31,700.00 |
| Mercury | $3,676.25 |
| Philadelphia Insurance | $20,000.00 |

Unless the court has expressly ordered otherwise, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

__X__   Joint and Several

   Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate:

   **Defendant, Richie Cabigting (1), shall pay restitution jointly and severally with Co-Defendants, Haidar Kazim (2), Todd Jackson (4), and Kassem Kazim (3) in Case No. 3:12-cr-176(S1)-J-20MCR in the amount of $111,953.29.**

__   The defendant shall pay the cost of prosecution.

__   The defendant shall pay the following court cost(s):

__X__   The defendant shall forfeit the defendant's interest in the following property to the United States:

   **$75,442.69, which represents the amount of proceeds obtained as a result of the instant offense, as set forth in the Forfeiture Money Judgment granted by the Court on December 2, 2013, (Doc. 165).**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.